## EBERHARDT COMPANY, LAKE OFFICE, v. WILLIAM D. BENSON AND OTHERS.

225 N. W. 2d 264.

January 17, 1975—No. 44491.

*Wangensteen & Associates* and *William Wangensteen,* for appellant.

*Robert A. Nicklaus,* for respondents Benson.

*Swanson & Prueter* and *John L. Prueter,* for respondents Fosvick and Woolf.

MACLAUGHLIN, JUSTICE.

Plaintiff, a Minnesota corporation and licensed real estate brokerage firm, brought this action against defendants for recovery of a 7-percent real estate brokerage fee and for claimed breach of contract and interference with contractual relations.

Defendants Benson counterclaimed for damages arising from breach of fiduciary duties. The trial court directed a verdict in favor of defendants on the issues of inducing breach of an interference with contract. The jury returned a general verdict in favor of defendants Benson for $250.

Plaintiff appeals from denial of its post-trial motion and from the judgment entered. We affirm.

On July 10, 1971, plaintiff and defendants Benson entered into an exclusive listing agreement. The agreement included the following provision:

"It is further agreed that upon any sale, contract for sale or exchange of said real estate made by me within six months next after the termination of said agreement to any person to whom, during the period of this listing, you shall have shown or offered this property * * * or to any person who during the period of this listing makes inquiry of me regarding this real estate, I will pay you the full brokerage fee as indicated below * * *."

As a result of the efforts of plaintiff's employee, Mrs. Florence Riebe, a purchase agreement was executed in September 1971 by the Bensons and defendant Adolph Fosvick, Jr., a nominee of defendant Donald Woolf. Defendant Woolf, in the process of obtaining a divorce, did not wish to purchase the property until his divorce was final. The terms of the agreement provided for the payment of $1,000 earnest money; $42,000 cash on December 15, 1971, the date of closing; and a $10,000 6-month contract for deed.

A short time thereafter the Bensons contracted for the construction of a new home. There is a conflict in testimony as to when the Bensons learned that Woolf did not intend to complete the purchase until his divorce was obtained. However, there is sufficient evidence to support a jury determination that the Bensons did not learn that fact until after they assumed the obligation of the new home.

The date of closing passed without final resolution of Woolf's

divorce. Woolf took possession of the Benson home pursuant to a rental agreement negotiated by plaintiff on December 15, 1971. By February 1972, the Bensons were in a precarious financial position because of the impending completion of their new home and continued delay in the Woolf divorce. Upon the advice of the Bensons' attorney, an agreement was executed which terminated the interests of all of the parties to the purchase agreement.

On February 24, 1972, at the suggestion of Woolf a contract for deed was executed with Woolf's fiancee, Diane Anderson, as purchaser. Under the terms of this sale, Miss Anderson was to pay the Bensons $8,000 in cash, assume a $36,000 mortgage, and pay an additional $8,000 amortized over a 20-year period. This sale was consummated without the presence or knowledge of plaintiff's broker.

The trial court instructed the jury that plaintiff could recover its full brokerage fee if the jury found that plaintiff substantially performed the terms of the listing agreement or, in the alternative, that plaintiff could recover the reasonable value of its services. The court also instructed as to the fiduciary duties of an agent. Without objection by either plaintiff or defendants, the jury was given a general verdict form and special verdicts were not used.

Plaintiff contends that the trial court erred in directing a verdict in favor of defendants on the issues of inducing breach of and interfering with contract. Accepting the view of the entire evidence most favorable to plaintiff under the applicable law,[1] we find no fact question for jury consideration. Mahnke v. Northwest Publications, Inc. 280 Minn. 328, 160 N. W. 2d 1 (1968).

Plaintiff challenges the verdict on the ground that the figure arrived at by the jury cannot be reached by any combination of plaintiff's claims and defendants' counterclaims and, therefore, must have been reached by compromise. We disagree. The jury was instructed that it could award plaintiff the reasonable value

---

[1] See, Snowden v. Sorensen, 246 Minn. 526, 75 N. W. 2d 795 (1956), and Royal Realty Co. v. Levin, 244 Minn. 288, 69 N. W. 2d 667 (1955).

of its services should the jury find that a contract between plaintiff and defendants Benson had not been entered into. By taking that approach, the jury could have arrived at the amount of the verdict by awarding damages to the Bensons on their counterclaim and offsetting those damages by the reasonable value of plaintiff's services. Viewing the evidence in the light most favorable to the prevailing party, we cannot conclude that the jury's verdict is manifestly and palpably contrary to the evidence. The verdict must be sustained. Young v. Hansen, 296 Minn. 430, 209 N. W. 2d 392 (1973).

Affirmed.